UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALENA GUROV-PRIDYUK,

    Plaintiff,

v.                                            Case No: 8:14-cv-2094-T-35JSS

STRATEGIC MATERIALS, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories, Document Production, and For Sanctions ("Motion") (Dkt. 71), and Defendant's response in opposition (Dkt. 72). In the Motion, Plaintiff seeks an order compelling Defendant's responses to her discovery requests and for her expenses, including reasonable attorney's fees,[1] incurred in bringing the Motion. For the reasons that follow, the Motion is granted in part and denied in part.

As to her request for production, Plaintiff argues that Defendant has not produced any documents. (Dkt. 71.) In response, Defendant contends that its counsel provided Plaintiff with electronic and hard copies of Defendant's production on October 2 and 4, 2017. (Dkt. 72, Exs. A, D.) Based on Defendant's representation that it has produced all responsive documents, the Motion is denied as moot as to Plaintiff's request for production but without prejudice to Plaintiff to move to compel documents after she has reviewed Defendant's production.

As to her interrogatories, Plaintiff argues that Defendant's responses to her interrogatories are insufficient and are not sworn answers. (Dkt. 71.) As an initial matter, although Defendant's

---

[1] Plaintiff is proceeding pro se.

counsel signed Defendant's interrogatory answers (see attachment to Dkt. 71), the answers are not signed under oath by Defendant's "officer or agent." *See* Fed. R. Civ. P. 33(b)(1)(B), (b)(3). Accordingly, Defendant should amend its interrogatory answers in accordance with Rule 33.

The Motion is denied as to Interrogatory 1 because Defendant has answered this interrogatory and as to Interrogatory 2 because Defendant has disclosed its experts (Dkt. 69; Dkt. 72 at 3, n.5), and Defendant's expert report deadline has been extended (Dkt. 86). The Motion is granted in part as to Interrogatory 4 because although Defendant has identified individuals from whom written or oral statements have been taken, it does not provide the subject matter or contents of these statements.

The Motion is granted as to Interrogatories 3 and 5, which ask Defendant to identify individuals with knowledge of facts relevant to the case and individuals Defendant anticipates calling as witnesses, because although Defendant refers Plaintiff to its initial disclosures in its responses to the interrogatories, Defendant is under the obligation to supplement these disclosures if they are incomplete. Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response" "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). The Motion is also granted as to Interrogatory 6, which asks Defendant to identify the documents relied upon in answering the interrogatories. Therefore, Defendant shall answer these interrogatories and supplement its initial disclosures, if required by Rule 26(e)(1).

The Motion is denied as to Interrogatory 7, which requests a list of all persons with knowledge of Defendant's answer and affirmative defenses and all facts and documents supporting

Defendant's answer and affirmative defenses, and Interrogatory 8, which requests a list of all individuals with knowledge of *Plaintiff's* answers to Defendant's interrogatories to her, as overly broad and unduly burdensome. *See* M.D. Fla. Discovery (2015) at §§ III.A.1, IV.A.2 (explaining that requests for production requesting "'each and every document supporting your claim' or a request for 'the documents you believe support Count I'" are "objectionably broad" and that interrogatories should not "impose unreasonable burdens on the responding party"). Finally, Plaintiff's request for her expenses incurred in bringing the Motion is denied as unwarranted. *See* Fed. R. Civ. P. 37(a)(5)(A), (C).

Accordingly, Plaintiff's Motion to Compel Answers to Interrogatories, Document Production, and For Sanctions (Dkt. 71) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Tampa, Florida, on October 20, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party